MARIE THERESA GRIECO *vs.* AMERICAN SILK SPINNING COMPANY.

JUNE 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J. This is an employee's appeal from a decree of the superior court denying her original petition for

compensation under the workmen's compensation act, general laws 1938, chapter 300.

The petitioner, a married woman twenty-five years of age, was employed by the respondent as a winder. In the course of her employment on May 3, 1946, she was lifting a basket of bobbins weighing about twenty-five pounds in order to place it upon a frame in front of her and slightly above her head. The basket had a wooden bottom and canvas sides about 18 to 24 inches high. According to the petitioner, the basket slipped and hit her on the head causing her to be stunned for a few minutes. The accident happened about 2:30 p.m. on Friday, and she did not report it to anybody that day because it was only about a half hour before quitting time for the week.

Over the week end she complained of a "pulling" in her head accompanied by headaches, throbbing and dizziness. However, she returned to work on Monday and reported the accident to the foreman, who sent her to the shop nurse. After receiving some aspirin from the latter she worked the remainder of the day and the next day visited Dr. Femino, her family doctor.

On his first examination on May 7, 1946, Dr. Femino found no objective evidence of an injury by trauma. There was no swelling, contusion or laceration of the scalp. As a general practitioner he thought there might have been some injury to a superficial nerve at the site of the alleged trauma and therefore he referred her to Dr. Pickles, a specialist in neurosurgery. When the latter reported that he found no residual organic evidence of skull or brain damage or organic damage to the nervous system at the time of his examination on August 8, 1946 and that the petitioner still complained, Dr. Femino came to the conclusion that she was suffering from a posttraumatic neurosis which in his opinion was "a sequence" of the accident.

Doctor Pickles testified to the effect that he could not state whether petitioner's neurosis was aggravated by the accident, because he did not know whether prior thereto

she had any neurosis. While he felt that she possibly could have suffered such an aggravation of a previous condition, nevertheless after an exhaustive examination, including X rays previously taken, he found there was no residual organic evidence of skull or brain damage, and that there was no evidence of any organic damage to the nervous system or any disturbance of the sensory nerves. In his opinion, if she were suffering from such a posttraumatic neurosis, work was the best treatment. There is no evidence to the contrary.

The trial justice rendered a decision denying the petition and accordingly entered a decree containing seven findings of fact. In the first five of these he substantially found that it was not clear from the petitioner's evidence just how the alleged accident took place; that nevertheless he was willing to find that there was an untoward event and therefore an accidental injury of some kind as claimed; but that there was no external evidence of any swelling, contusion or other injury at the alleged site of the trauma.

None of these findings are objected to but the petitioner alleges that findings numbered 6 and 7 were made without any supporting legal evidence and therefore are reviewable as errors of law. *Jillson* v. *Ross*, 38 R. I. 145; *Pepe* v. *American Silk Spinning Co.*, 70 R. I. 309, 318. She further contends that an aggravation of an employee's "preexisting disease or defect" resulting from an accident arising out of and in the course of employment may be compensable as an original or new injury. *Paplauskas* v. *Reynolds Machinery Co.*, 71 R. I. 297; *Bucci* v. *H. P. Hood & Sons, Inc.*, 75 R. I. 8. The respondent concedes the principles of law stated in the above-cited cases, but contends that there was legal evidence to support findings 6 and 7 in the final decree, and therefore that such findings in the absence of fraud are conclusive under the act. Art. III, §6.

From an examination of the evidence we are of the opinion that there is legal evidence to support the findings in question, which read as follows: "6. That the petitioner

evidenced no brain damage and no evidence of organic damage to the nervous system and no disturbance of the sensory nerves. 7. That the petitioner suffered no incapacity for work as a result of the accident."

The petitioner points out certain extracts from her own testimony and that of Dr. Femino and Dr. Pickles which, according to her view, are uncontradicted and are sufficient to support her petition. In this contention she overlooks the fact that most of the pertinent testimony relied upon was based entirely upon the petitioner's subjective claim. Her own physician agreed with the conclusion of Dr. Pickles that there was no objective evidence of any brain or nerve damage or disturbance. But upon the continuance of her subjective complaint he believed that there was either some superficial nerve disturbance or a posttraumatic neurosis connected with the accident.

While it is true that such evidence, if believed, might have supported findings in favor of the petitioner contrary to those in question in the decree, the trial justice was not bound to accept her statement in view of other evidence and inferences reasonably to be made therefrom. Finding 6 is almost precisely in the language from Dr. Pickles' testimony, which was not expressly denied. At most, the petitioner's testimony and the belief of her physician based entirely on her subjective claim without supporting objective symptoms produced a conflict in the testimony as to the existence of a compensable injury at that time.

The petitioner fails to consider that she could be physically injured without necessarily being incapacitated; and also apparently overlooks the matter of her credibility which was a fact to be found by the trial justice. *Baccari* v. *W. T. Grant Co.*, 73 R. I. 376, 379. In view of all the evidence it was not necessary for him to accept her statements without qualification. But assuming that there was uncontradicted evidence which bound the trial justice to find that there was some posttraumatic neurosis traceable to this accident, as claimed by the petitioner, she would

not have been entitled to compensation unless she also showed by evidence that she was thereby incapacitated and unable to resume her usual work.

On the questions of causation and incapacity, as they were in issue, the trial justice in finding 7 concluded that she had not established any incapacity for work, which was the ultimate issue that controlled the case. See *Baccari* v. *W. T. Grant Co., supra.* On that question the evidence of Dr. Pickles and Dr. Femino was not in conflict because apparently they both concluded that the petitioner was able to and should resume her work. Doctor Pickles pointed out that if she had a posttraumatic neurosis, which was within the bounds of probability in her case, the best treatment would be to resume work; and apart from petitioner's own ·claim there is no evidence to support a conclusion that she was unable to resume her usual work.

Doctor Femino on cross-examination did not deny from a medical standpoint such testimony as given by Dr. Pickles, but on the contrary testified as follows: "Q. There is nothing whatever, Doctor, in your medical experience, is there, in view of your examination and treatment of this woman, which leads you honestly to suggest that she shouldn't have returned to work away back in the summer time of 1946—nothing? A. I suggested that she return to work."

When all the evidence and reasonable inferences therefrom are considered as a whole, including testimony concerning petitioner's active performance of general household work and necessary nursing services in caring for her mother at the latter's home, we are of the opinion that there was legal evidence to support the conclusions of the trial justice that there was no brain or nerve damage or disturbance resulting in her incapacity to do her usual work, and that whatever injury she may have received it was not sufficiently serious to be compensable at the time of trial.

The petitioner's appeal is denied and dismissed, the

decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, George Ajootian,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.